**Thomas J. CUNNINGHAM, Petitioner,**

v.

**DEPARTMENT OF VETERANS AFFAIRS, Respondent.**

**No. 01–3361.**

United States Court of Appeals, Federal Circuit.

DECIDED: April 3, 2002.

Before RADER, GAJARSA, and LINN, Circuit Judges.

RADER, Circuit Judge.

Thomas J. Cunningham appeals the August 8, 2001 final decision of the Merit Systems Protection Board (Board) denying Mr. Cunningham's petition for review of a February 2, 2001 decision. Docket No. PH–0752–99–0258–P–1, 90 M.S.P.R. 451. The February 2, 2001 decision denied Mr. Cunningham's request for compensatory damages as untimely. Because the Board's decision is supported by substantial evidence and in accordance with law, this court *affirms.*

I.

In 1999, the Department of Veterans Affairs (DVA) terminated Mr. Cunningham, a boiler plant operator at the Veterans Affairs Medical Center in Philadelphia, Pennsylvania. Mr. Cunningham appealed his termination to the Board. In an August 31, 2000 final decision, the Board reversed Mr. Cunningham's removal because he had not been afforded the procedural protections of 5 U.S.C. § 7513

(2000). *Cunningham v. Dep't of Veterans Affairs,* 86 M.S.P.R. 519, 522–23 (2000).

In October 2000, Mr. Cunningham requested that the Board award him compensatory damages based on his improper removal. On February 2, 2001, the administrative judge denied Mr. Cunningham's request as untimely pursuant to 5 C.F.R. § 1201.204(a)(1) (2000). Moreover, the administrative judge found that Mr. Cunningham's case did not satisfy the requirements of 5 C.F.R. § 1201.202(c) (2000), which provides for compensatory damages only upon a finding of unlawful discrimination. The administrative judge found that Mr. Cunningham never alleged discrimination during the removal proceedings, and that neither the administrative judge nor the Board made any discrimination findings. In addition, the administrative judge declined to consider allegations of discrimination first made by Mr. Cunningham after his October 2000 request for compensatory damages.

This court has jurisdiction pursuant to 5 U.S.C. § 7703(b) (2000).*

II.

This court affirms a Board decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000).

---

* While this court lacks jurisdiction over appeals from the Board in cases involving allegations of discrimination "mixed" with appealable nondiscriminatory matters, *Williams v. Dep't of the Army,* 715 F.2d 1485, 1491 (Fed.Cir.1983), this case presents no such jurisdictional issues. The Board based its denial of compensatory damages on the untimeliness of Mr. Cunningham's request for such damages, not on the merits of any discrimination allegation. Additionally, in filing the requisite Federal Circuit Rule 15(c) Statement with this court, Mr. Cunningham expressly waived any claim of discrimination based on race, sex, age, national origin, or handicapped condition. Further, Mr. Cunningham has not filed a discrimination case in any district court or the Equal Employment Opportunity Commission.

5 C.F.R. § 1201.204(a)(1) requires that "a request for . . . compensatory damages must be made during the proceeding on the merits, no later than the end of the conference(s) held to define the issues in the case." The record evidence supports the administrative judge's finding that Mr. Cunningham never alleged discrimination nor requested an award for compensatory damages during the proceedings on the merits of the removal action. Mr. Cunningham's belated allegations of discrimination, raised after his request for compensatory damages, do not transform an untimely request into a timely one. Thus, substantial evidence supports the administrative judge's finding that Mr. Cunningham did not make a timely request for compensatory damages, and that Mr. Cunningham is not entitled to a compensatory damages award. In summary, this court affirms the Board's denial of Mr. Cunningham's request for compensatory damages as untimely.